UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CIV. 1545**

------------------------------------------------------------x

HARLENE GREENBERG,
            *Plaintiff,*

-against-

LITTMAN JEWELERS; FRED MEYER, INC.;
ROBERT CANFIELD; DIANA REGINI; and
DEBRA SORGINI,
            *Defendants.*

------------------------------------------------------------x

ECF CASE

08-CV-    (BRIEANT)

COMPLAINT FOR
EMPLOYMENT
DISCRIMINATION
(jury trial demanded)

Plaintiff Harlene Greenberg, by her lawyer, as and for her complaint against the defendants, alleges as follows:

1. This is an action to remedy unlawful employment discrimination based on disability in violation of plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. Sections 12111 *et seq.* (the "ADA"), as well as her rights under the New York State Human Rights Laws (Executive Law Section 290-297).

**Jurisdiction and venue**

2. Federal subject matter jurisdiction is conferred over plaintiff's federal claim by 29 U.S.C. Sections 626( c), and by 28 U.S.C. Sections 1331 and 1343. Federal subject matter jurisdiction is conferred under 28 U.S.C. Section 1332 over plaintiff's state law claims against defendants Littman Jewelers, Fred Meyers, Inc., and Robert Canfield, based on diversity of citizenship, the amount in controversy exceeding the sum of $75,000 exclusive of interest and costs. Supplemental federal jurisdiction over plaintiff's pendant state law claims against all defendants is conferred by 28 U.S.C. Section 1367.

3. Venue in this district is proper under 28 U.S.C. Sections 1391 (b)(2) and ©, because a substantial portion of the events or omissions giving rise to plaintiff's claims occurred in this district, and the defendant corporations are deemed to reside in this state because their conduct subjects them to personal jurisdiction here,

## The parties

4. Plaintiff Harlene Greenberg, is a citizen of New York residing in this District at 1598 Paine Street. Yorktown Heights, New York. Between September 6, 1998, and December 7, 2006, she was employed by defendant Littman Jewelers at its retail jewelry store in the Jefferson Valley Mall in Yorktown Heights, in Westchester County and within this District. As a survivor of breast cancer, breast cancer surgery, and post-surgery treatment, she is a qualified person with a disability for purposes of the ADA.

5. The defendants:

a. Defendant Littman Jewelers is, on information and belief, a division of corporate defendant Fred Meyers, Inc., a Delaware corporation whose principal place of business is in Portland, Oregon, and a citizen of both states. Littman Jewelers is engaged in the operation of retail jewelry stores all over the United States and abroad. Among those is its store in Jefferson Valley Mall, 650 Lee Blvd, Yorktown Heights, New York, at which plaintiff Greenberg was employed. This defendant is a covered entity for purposes of the ADA.

3

b. Defendant Fred Meyer, Inc. (hereinafter "Fred Meyer") is, on information and belief, a corporation organized under the laws of Delaware, headquartered with its principal place of business at 3800 SE 22d Ave. Portland, Oregon 97202, and a citizen of both states. Its Fred Meyers Jewelers division, which includes Littman Jewelers, operates at least 410 retail jewelry stores in this country and abroad, with more than 3,000 employees and annual sales approximating $260,000,000. This defendant, too, is a covered entity for purposes of the ADA.

c. Defendant Robert Canfield (hereinafter "Canfield") is, on information and belief, a citizen and resident of New Jersey, residing at an address unknown to plaintiff. At the time defendants wrongfully demoted, then terminated plaintiff Greenberg, Canfield was Vice President of East Coast Operations for Fred Meyer and Littman Jewelers. Back in 1998, he had been the District Manager who had recruited plaintiff Greenberg from a nearby competitor, Whitehall Jewelers. At all relevant times, Canfield was an employer of plaintiff Greenberg as that term is defined under Executive Law 296(a)(1).

d. Defendant Diana Regini (hereinafter "Regini") is, on information and belief, a citizen and resident of New York, residing at an address unknown to plaintiff. At all relevant times, she was District Manager for Littman Jewelers and Fred Meyer, based at the Poughkeepsie Galleria, 2001 S. Road, Poughkeepsie, New York, managing some 13 stores, including the Yorktown Heights store. She was an employer of plaintiff

Greenberg as that term is defined under Executive Law 296(a)(1).

e. Defendant Debra Sorgini (hereinafter "Sorgini") is, on information and belief, a citizen and resident of New York, residing at an address unknown to plaintiff. She was the manager of the Littman Jewelers Yorktown Heights store when defendants wrongfully terminated plaintiff Greenberg, and was an employer of plaintiff Greenberg as that term is defined under Executive Law 296(a)(1).

## The procedural prerequisites

6. Plaintiff Greenberg has satisfied all procedural prerequisites for bringing this action, having filed a charge (EEOC Charge No. 16G-2007-01884) with the New York District Office of the U.S. Equal Employment Opportunity Commission, and having received a Dismissal and Notice of Suit Rights dated November 14, 2007, within 90 days of the filing of this action. A true copy of the Dismissal and Notice of Suit Rights is attached to this complaint.

## Facts common to all counts

7. Plaintiff Greenberg was employed at defendants' Yorktown Heights retail jewelry store starting on September 6, 1998, and remained in defendants' employ until she was wrongfully terminated on December 7, 2006.

8. She had been hired to serve as manager of the Yorktown Heights store, and did serve continuously as store manager for over eight years, until the fall of 2006, when she was wrongfully demoted to assistant store manager.

9. During her eight years as store manager, plaintiff Greenberg always received favorable job evaluations and annual merit pay increases.

10. On August 4, 2005, plaintiff Greenberg was diagnosed with breast cancer, and later that month took a two-week leave for breast cancer surgery.

11. In the aftermath of her surgery, plaintiff Greenberg was required to undergo chemotherapy and radiation treatments which lasted into May 2006, followed by a program of hormone treatments.

12. Plaintiff's breast cancer, her surgery and the post-surgery medical treatments caused fatigue, muscle weakness, range-of-motion limitations, skin irritation, redness and discomfort, mouth sores, total loss of hair, and other side effects, which together substantially limited one or more of her major life activities.

13. Despite her disability, plaintiff Greenberg continued to work at defendants' Yorktown Heights store throughout this post-surgery course of chemotherapy, radiation and hormone treatments, without taking further medical leave.

14. Defendants were at all times aware of plaintiff Greenberg's illness, her breast cancer surgery, and the post-surgical treatments required by her disability.

15. Defendants responded discriminatorily and wrongfully to plaintiff Greenberg's disability and its medical aftermath. Their conduct included:, but was not limited to, the following:

      a. Defendant Regini repeatedly made cruel and sarcastic remarks to plaintiff Greenberg, in the presence of fellow employees – especially about the wig plaintiff Greenberg was required to wear because of the hair loss caused by the chemotherapy;

      b. Defendants responded in a wrongful discriminatory fashion to plaintiff Greenberg's disability, specially altering their established performance review practices as they related to her.

      c. Despite her years of loyal service at the Yorktown Heights store, defendants never offered plaintiff Greenberg leave or any other accommodation to facilitate her recovery from cancer and the debilitating post-surgery treatments. Instead, on or about the first week of August 2006, defendant Regini insisted that plaintiff accept demotion to the position of Assistant Store Manager. Regini's professed rationale was that the lesser position would be "less stressful."

      d. As defendants knew she would, plaintiff Greenberg reluctantly accepted the demotion, because at that difficult stage of her life she desperately needed continuation of both regular income and medical insurance. Due to lack of a suitable replacement she continued to serve as Store Manager until late October 2006, when defendant Regini did finally replace her with defendant Sorgini. At that point, plaintiff became Assistant Store Manager, at a lower salary.

16. Despite her disability, plaintiff Greenberg continued to be qualified to serve as Store Manager and did serve ably in that position until defendant Regini replaced her with defendant Sorgini.

17. After becoming Assistant Store Manager, plaintiff Greenberg was more than qualified to serve in that reduced position, and in fact exceeded her November 2006 performance goal by 183 per cent. Between November 1 and her abrupt termination on December 7, plaintiff Greenberg received no criticisms from the defendants concerning her performance as Assistant Store Manager. To the contrary, the new store manager, defendant Sorgini, repeatedly gave plaintiff Greenberg positive feedback and described herself and plaintiff as a "phenomenal" team. In e-mail correspondence during this period, defendant Regini described plaintiff as a "tremendous asset."

18. This changed dramatically on December 7, 2006.

    a. Without prior warning, defendant Regini told plaintiff Greenberg that her co-workers might be unhappy with her sales success.

    b. Defendant Regini then abruptly advised plaintiff that, effective immediately, she would be transferred to the defendants' Poughkeepsie store, in Dutchess County.

    c. When plaintiff Greenberg responded that this transfer was contrary to defendants' accommodation agreement with her and that the long commute would be unnecessarily hard on her, defendant Regini immediately demanded plaintiff's resignation. Plaintiff declined to resign.

d. When plaintiff refused to resign, defendant Regini made a telephone call, on information and belief to defendant Canfield, complaining to him that plaintiff was "not leaving." Upon conclusion of that telephone conversation, defendant Regini yelled at plaintiff Greenberg:

> You're dismissed! You're terminated! There is no job for
> you in this store or in any other store in this company! Get
> out now!

e. Contrary to New York state law, defendants have never given plaintiff Greenberg a termination letter.

f. Within an hour or two of plaintiff Greenberg's abrupt dismissal on December 7, 2006, her replacement – apparently previously recruited by defendant Sorgini and kept just off-stage – was brought in as a full-time sales associate.

## Count I

### A claim for violation of the Americans with Disability Act (the "ADA") (the demotion)

19 Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 as though fully set forth herein.

20. The Americans with Disabilities Act (the "ADA") provides that

> No covered entity shall discriminate against a qualified
> individual with a disability because of the disability of such
> individual in regard to . . . the hiring, advancement, or
> discharge of employees, employee compensation, job training,
> and other terms, conditions and privileges of employment.

21. Among other things, the ADA prohibits employers from (1) limiting, segregating or classifying an employee with a disability in a manner that adversely affects his or her opportunities or status; (2) participating in a contractual or other arrangement that results in discrimination against a qualified employee with a disability; (3) utilizing standards or criteria that have the effect of discriminating against such an employee; and (4) failing to make a reasonable accommodation to a known physical or mental impairment of an otherwise qualified employee with a disability unless the accommodation would impose an undue hardship.

22. Moreover, the ADA imposes upon employers an affirmative duty to provide a reasonable accommodation to a known physical or mental limitation of an otherwise qualified employee unless the employer can demonstrate it would impose an undue hardship.

23. Defendants Littman Jewelers and its corporate parent Fred Meyer, Inc. were and are covered entities within the meaning of the ADA.

24. Plaintiff Greenberg is a qualified person with a disability within the meaning of the ADA. She had and has the physical impairment, the record of such impairment, and her employer's perception of her impairment more than sufficient to satisfy the requirements of the statute.

25. Plaintiff's disability did not prevent her from performing in a reasonable manner any of the responsibilities required by her position as Store Manager.

26. In the fall of 2006, defendants wrongfully demoted plaintiff Greenberg from Store Manager to Assistant Store Manager, because of her disability.

27. In demoting plaintiff Greenberg, the defendants violated each and every one of their statutory duties described in paragraphs 21 and 22 of this complaint.

28. The reasons proffered for her demotion were just a pretext, intended to disguise the improper discriminatory motives for that demotion.

29. Defendants's decision to demote plaintiff Greenberg from Store Manager to Assistant Store Manager because of her disability, a decision made with malice or reckless indifference to plaintiff's rights under the statute, violated the ADA.

30. As a result of defendants' wrongful demotion of plaintiff Greenberg, she is entitled to compensatory and punitive damages including, but not limited to, damages for loss of income and benefits, as well as for humiliation and mental anguish.

## Count II

### A claim for violation of the Americans with Disability Act (the "ADA") (the termination)

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff's disability did not prevent her from performing in a reasonable manner the responsibilities required by her positions either as Store Manager or as Assistant Store Manager.

11

33. On or before December 7, 2006, defendants wrongfully decided to terminate, and did abruptly terminate, the employment of plaintiff Greenberg because of her disability.

34. In terminating plaintiff Greenberg, the defendants violated each and every one of their statutory duties described in paragraphs 21 and 22 of this complaint.

35. The reasons proffered by defendants for her abrupt termination were just a pretext, intended to disguise the improper reasons for her termination.

36. Defendants' decision to terminate plaintiff Greenberg because of her disability, a decision made with malice or reckless indifference to plaintiff's rights under the statute, violated the ADA.

37. As a result of defendants' wrongful termination of plaintiff Greenberg, she is entitled to compensatory and punitive damages including, but not limited to, damages for loss of income and benefits as well as for humiliation and mental anguish.

# Count III

### A pendant claim for unlawful discrimination on the basis of disability in violation of the New York State Human Rights Law (Executive Law Section 296)

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 as though fully set forth herein.

39. Because individual defendants Canfield, Regini and Sorgini were themselves plaintiff Greenberg's employers within the meaning of the New York Human Rights Law,

12

and willfully enforced the corporate defendants' disability discrimination policies against plaintiff, and because they did so maliciously and with reckless indifference in violation of New York Human Rights Laws (Executive Law Section 290-296), the individual and the corporate defendants are each jointly and severally liable to plaintiff for the embarrassment, emotional and physical distress, and loss of income caused by their misconduct.

## Count IV

**A pendant claim for unlawful religious discrimination and hostile work environment in violation of the New York State Human Rights Law (Executive Law Section 296)**

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 as though fully set forth herein.

41. Defendants repeatedly maintained, and subjected plaintiff Greenberg, to a work environment hostile to religious and ethnic minorities.

42. Defendants' Yorktown Heights store, like the others managed by defendant Regini, had a well-established history of rarely hiring Jewish or other minority applicants.

43. Plaintiff is Jewish, and on information and belief was the only Jewish person employed at the Yorktown Heights store during the eight years she worked there. Her replacements were not Jewish.

44. Not only did defendants generally not hire Jews or other minorities, but repeatedly said and did things to make the work environment hostile and abusive for her

13

and for other minorities. These included, but were not limited to, the following:

 a. The original owners of Littman Jewelers were themselves Jewish, and their New York area stores traditionally displayed both Christmas and Chanukah decorations during the holiday season. But once defendant Regini became District Manager for defendant Fred Meyer, she vociferously rejected plaintiff Greenberg's annual suggestions that the store continue or resume its historical tradition and follow the widespread local custom and business practice of displaying Chanukah menorahs (she offered to bring one from home), along with Christmas wreaths and pointcettas during the holiday season. Defendant Regini repeatedly yelled that there would be no menorahs in the store, insisting this was Fred Meyer policy because, at the home office in Oregon, "they are all Mormons out there."

 b. Defendants tolerated, and even encouraged, plaintiff Greenberg's co-workers to ridicule her Jewish background and to engage in religiously discriminatory conduct toward her.

 c. Defendants, particularly defendant Sorgini, repeatedly made or condoned derogatory comments concerning customers who appeared to be Jewish or from ethnic or racial minorities.

 d. Defendant Sorgini frequently displayed a special animus toward members of the Jehovah Witnesses faith, announcing loudly on the sales floor "Fuck Jehovah – I hate Jehovah Witnesses."

45. Defendants' decisions first to demote and then to terminate plaintiff Greenberg were at least partially based on the fact that she was Jewish.

46. Because defendants Canfield, Regini and Sorgini willfully and maliciously enforced their companies' discriminatory policies against plaintiff, they violated New York Human Rights Laws (Executive Law Section 296), and are jointly and severally liable with the other defendants for the embarrassment, emotional and physical distress, and loss of income caused by their misconduct.

47 As a result of defendants' wrongful creation of a hostile work environment and their discrimination based on religion and national origin, plaintiff Greenberg is entitled to compensatory and punitive damages including, but not limited to, damages for loss of income and benefits, as well as for humiliation and mental anguish.

## Prayer for relief

**Wherefore,** plaintiff prays that this Court enter judgment against the defendants, jointly and severally, as follows:

1. An award of back and front pay;

2. Liquidated damages in double the amount of the front and back pay award, because defendants committed willful violations, and acted with malice and intentional disregard of plaintiff's right to be free of unlawful discrimination;

3. An award of monetary compensation for the humiliation, embarrassment, emotional and physical distress and other mental suffering caused by defendants'

misconduct, in an amount not less than $1 million;

4. Punitive damages for defendants' malicious or reckless indifference for plaintiff's right to be free of unlawful discrimination, in an amount to be determined,, but in no event less than $1,000,000;

5. An order prohibiting defendants and those acting in concert with them from harassing or otherwise unlawfully discriminating against any of their present or future employees, because of religion, national origin, or disability; and

6. An award of court costs, expert witness fees, reasonable attorneys' fees and expenses, and prejudgment interest.

White Plains, New York
February 14, 2008

*[signature]*

DANIEL P. LEVITT, ESQ. (DL 6020)
145 Griffen Avenue
Scarsdale NY 10583
(914) 698-8193
   *Attorney for Plaintiff*

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Harlene Greenberg<br>1598 Paine Street<br>Yorktown Heights, NY 10598 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2007-01884 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_[signature]_     11/14/07

Spencer H. Lewis, Jr., Director     (Date Mailed)

Enclosures(s)

cc:    **LITTMAN JEWELERS**<br>650 Lee Boulevard<br>Yorktown Heights, NY 10598<br>Attn: Human Resource Director

*Rec'd by Harlene —*<br>*11/17/07*<br>*90 days = 2/15/08*